**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Brittney Corter and Thomas Powell, Defendants,

of whom Brittney Corter is the Appellant.

In the interest of a minor child under the age of 18.

Appellate Case No. 2024-002190

―――――――――

Appeal From Georgetown County
Melissa M. Frazier, Family Court Judge

―――――――――

Unpublished Opinion No. 2025-UP-364
Submitted October 23, 2025 – Filed October 27, 2025

―――――――――

**AFFIRMED**

―――――――――

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Alwyn Taylor Silver, of the South Carolina Department
of Social Services, of Georgetown, for Respondent.

Joe Michael Crosby, of Crosby Law Firm, LLC, of Georgetown, for the Guardian ad Litem.

**PER CURIAM:**  Brittney Corter appeals the family court's permanency planning order granting custody of her minor child (Child) to Child's father, relieving the Department of Social Services (DSS) of providing further services, and closing the case.  *See* S.C. Code Ann. § 63-7-1640(C) (Supp. 2025) (explaining the family court may authorize DSS to forego reasonable efforts at reunification when the court determines that "other circumstances exist that . . . make continuation or implementation of reasonable efforts to preserve or reunify the family inconsistent with the permanent plan for the child"); S.C. Code Ann. § 63-7-1700(C) (Supp. 2025) ("At the permanency planning hearing, the court shall approve a plan for achieving permanence for the child.").  Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.[1]  Accordingly, we affirm the family court's ruling and relieve Corter's counsel.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] *See S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations in which "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.